## HYDE & AL. vs. HENRY.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action commenced by a personal citation on the defendant, and a seizure of the schooner, the latter was released by a subsequent order of the judge, and in our opinion correctly, as the plaintiffs' account shews a credit

The record of a suit cannot be used as evidence against one who was not a party thereto.
  Declarations, operating a change of domicil, must be made both in the parish the

HYDE & AL.
*vs.*
HENRY.

party removes
from, and that
to which he re-
moves.

which must be imputed to the debt that was most onerous to the defendant. *Vol.* 3, 179.

The only question the cause presents is of jurisdiction. The defendant pleaded he was a citizen of St. Tammany, and could not be sued in the parish of New-Orleans. The judge thought differently, on the evidence offered to prove this fact, and gave judgment against him from which he appealed.

Before examining the correctness of this opinion, we must express ours on a bill of exceptions to a decision, by which the judge *a quo* permitted the record in the case of *F. Dow* vs. *Henry* to be read in evidence, to prove the change of domicil of the defendant. In this we think he erred. It was *res inter alios acta.* Nor could the circumstance of the defendant's own declaration, being evidence of a change of domicil make it good, for *non constat* that the plaintiffs, had they been a party to the suit, could not have objected to the authenticity of the declaration, as introduced in evidence in that case.

But that declaration could not have availed the defendant, for the law requires that declarations, which shall have the effect of operating a change of domicil, by evidencing the intention of removing, must be made before the

judge of the parish where the party resides, as well as that where he is going to settle. *Civ. Code,* 19 *art.* 1 & 2.

East'n. District.
*July* 1825.

HYDE & AL.
*vs.*
HENRY.

We do not think the judge erred in his conclusion from the other testimony in the cause, and do therefore order, adjudge and decree, that the judgment of the district court be affirmed with costs.

*Carleton and Lockett* for the plaintiffs. *Preston* for the defendant.